UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| RICHARD MILLER, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Civil Action No. 22-2871 (UNA) |
| U.S. DEPARTMENT OF JUSTICE, *et al.*, | ) ) ) | |
| Respondents. | ) ) | |

**MEMORANDUM OPINION**

This matter is before the Court on Richard Miller's application to proceed *in forma pauperis* (ECF No. 2) and his *pro se* Petition for Writ of Mandamus (ECF No. 1). Petitioner, an enrolled member of the Choctaw/Chickasaw Nation, is in the custody of the Oklahoma Department of Corrections serving a sentence imposed by the Oklahoma State courts for crimes committed within the boundaries of the Kickapoo Nation reservation. *See* Pet. at 1. According to petitioner, the Oklahoma authorities who prosecuted, convicted, and incarcerated him are "without criminal jurisdiction," *id.* at 1, and the United States Departments of Justice and Interior are obligated "to remedy the illegal detention of Petitioner[] and others similarly situated in Oklahoma Department of Corrections custody," *id.* at 2 (footnote omitted).

A writ of mandamus "compel[s] an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "[M]andamus is 'drastic'; it is available only in 'extraordinary situations.'" *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005) (citations omitted). Only if "(1) the plaintiff has a clear right to relief; (2) the

1

defendant has a clear duty to act; and (3) there is no other adequate remedy available to the plaintiff," *Thomas v. Holder*, 750 F.3d 899, 903 (D.C. Cir. 2014), is mandamus relief granted. Petitioner does not establish a clear right to relief or Respondents' clear duty to act.

Furthermore, to the extent petitioner demands his immediate release from custody, his remedy sounds in habeas.  *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus[.]") (citation omitted); *Morales v. Jones*, 417 Fed. App'x 746, 749 (10th Cir. 2011) ("Absence of jurisdiction in the convicting court is indeed a basis for federal habeas corpus relief cognizable under the due process clause.").  And where "habeas is an available and potentially efficacious remedy, it is clear beyond reasonable dispute that mandamus will not appropriately lie." *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 806 (D.C. Cir. 1988).

The Court, therefore, will deny the mandamus petition without prejudice and dismiss this civil action without prejudice.  An Order is issued separately.


DATE: November 2, 2022                         /s/
                                               JAMES E. BOASBERG
                                               United States District Judge